IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Pegasus Rural Broadband, LLC, et al.,[1] | Case No. 11-11772 (PJW) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

The above-captioned debtors and debtors-in-possession (each, a "Debtor," and collectively the "Debtors"), by and through its proposed undersigned counsel, hereby file the Debtors' Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28. U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), and Rule 2016-2 of the Local Rules of Bankruptcy

---

[1] The Debtors are Xanadoo Spectrum, LLC, a Delaware limited liability company; Xanadoo Holdings, Inc., a Delaware corporation; Xanadoo, LLC, a Delaware limited liability company; Pegasus Guard Band, LLC, a Delaware limited liability company; and Pegasus Rural Broadband, LLC, a Delaware limited liability company. Xanadoo Holdings, Inc. is the sole member of Xanadoo, LLC, Pegasus Guard Band, LLC, and Pegasus Rural Broadband, LLC. Xanadoo Holdings, Inc. is a wholly owned subsidiary of Xanadoo Spectrum, LLC.

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. On June 10, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under the Bankruptcy Code. The Debtors have continued in the management of their businesses and property as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. No committee or trustee has been appointed in these cases.

## RELIEF REQUESTED

5. To assist them throughout the chapter 11 process, the Debtors are seeking, or will seek, approval of the retention and employment of Elliott Greenleaf and as yet-to-be determined financial advisor/investment banker,[2] as counsel and financial advisors in the Debtors' chapter 11 cases (the "Cases"). In addition, one or more official committees may be appointed in these cases and will likely retain counsel and possibly other professionals.

6. Pursuant to Bankruptcy Code section 331, all such retained professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often as the Court permits. *See* 11 U.S.C. § 331. Local Rule 2016-2 sets forth the requirements for any application requesting approval for compensation and/or the reimbursement of expenses. In accordance with Bankruptcy Code section 331 and Local Rule 2016-2, by this Motion, the Debtors seeks entry of an

---

[2] Due to the emergency nature of the filing of the petitions in these cases, the Debtors have not yet formally engaged a financial advisor or investment banker. Nevertheless, the Debtors are interviewing potential financial advisors/investment bankers and such financial advisors and/or investment bankers' fees are contemplated under the Debtor-in-possession budget filed concurrently herewith.

2

order for authority to establish procedures for the compensation and reimbursement of court-approved professionals on a monthly basis, and on terms comparable to similar procedures which have been routinely followed in this district. This process will provide the appropriate balance between efficient administration of fee applications for the estate's professionals while still providing the Court and parties-in-interest with sufficient opportunity to review, and where appropriate, object to, payments to professionals.

7. Specifically, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular "ordinary course professional," all professionals retained pursuant to an order of the Court in this case (collectively, the "Professionals") be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    a.    On or about the 10th, but no later than the 25th, of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (a "Monthly Fee Application") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on each of the following parties (collectively, the "Notice Parties"):

        (i) Counsel to the Debtors: Elliott Greenleaf, 1105 Market Street, Suite 1700, Wilmington, DE, 19801 (Attn: Rafael X. Zahralddin-Aravena, Esq. and Shelley A. Kinsella, Esq.);
        (ii) Debtors: 225 City Line Avenue, Suite 100 Bala Cynwyd, PA 19004 (Attn: Scott Blank, Senior Vice President, Legal and Corporate Affairs, and General Counsel);
        (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox #35, Wilmington, DE, 19801 (Attn: Mark Kenney);

(iv) Counsel to all official committees, if any; and
(v) Counsel to any interim DIP lender or DIP lender approved on a final basis, as applicable.

b. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Third Circuit Law, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

c. Each Notice Party will have twenty-one (21) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). If no objections are raised prior to the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certification of no objection with the Court, after which the Debtor shall be authorized to pay each Professional an amount (the "Actual Interim Amount") equal to the lesser of: (i) 80 percent of the fees and 100 percent of the expenses requested in the Monthly Fee Application (the "Maximum Interim Payment"); or (ii) 80 percent of the fees and 100 percent of the expenses not subject to an objection pursuant to subparagraph (d) below. The first such Monthly Fee Application shall cover the period from the Petition Date through and including June 30, 2011.

d. After receipt of a Monthly Fee Application, any of the Notice Parties or any party in interest may interpose an objection (an "Objection") to a Professional and each of the Notice Parties so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses and the basis for such objection. Thereafter, the Objection party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to resolve the Objection within twenty-one (21) days after service of the Objection, the affected Professional shall have the option of: (i) filing a response to the Objection with the Court together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to the affected professional (the "Incremental Amount"); or (ii) forgoing the Incremental Amount until the next interim or final fee application hearing at which time the Court will consider

4

and dispose of the Objection if requested by the parties.

e. Beginning with the approximate three month period from the Petition Date and ending on September 2011, at three-month intervals, each of the Professionals must file with the Court and serve on the Notice Parties a request (a "Quarterly Fee Request") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such three-month period (the "Quarterly Fee Period"). The Quarterly Fee Request must identify the Monthly Fee Applications that are the subject of the Quarterly Request and any other information requested by the Court or required by the Local Rules. The Quarterly Fee Request shall be filed with the Court and served on the Notice Parties within forty-five (45) days after the end of the Quarterly Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each Professional must file its first Quarterly Fee Request on or before November 14, 2011, and the first Quarterly Fee Request should cover the Quarterly Fee Period from the Petition Date through September 30, 2011.

f. The Debtors shall request a hearing on the pending Quarterly Fee Applications at least once every three (3) months or at such other intervals as the Court deems appropriate.

g. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

h. Neither (i) the payment of or failure to pay in whole or in part a Monthly Fee Application or Quarterly Fee Request, nor (ii) the filing or any failure to file an Objection, will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals are subject to disgorgement until final allowance by the Court.

8. The Debtors further request that the Court limit service of the Monthly Fee Applications, the Quarterly Fee Requests, final fee applications and Hearing Notices (as defined herein) as follows: (i) only the Notice Parties shall be entitled to receive the Monthly Fee Applications, Quarterly Fee Requests, final fee applications and the notices of any hearing thereon (the "Hearing Notices"); and (ii) all other parties who have filed a notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Quarterly Fee Requests and Hearing Notices.[3] Such notices should reach the parties most active in this case and will save the expense and undue duplication and mailing of lengthy fee applications.

9. The Debtors further request that each member of any committee appointed in this case be permitted to submit statements of expenses and supporting vouchers to counsel to the Committee, who will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures.

10. The Debtor will include all payments made to Professionals in accordance with the Compensation Procedures in its monthly operating reports, identifying the amount paid to each Professional.

## BASIS FOR RELIEF

11. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once ever 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and

---

[3] If any party that has received only a Hearing Notice requests a copy of any of the fee applications, the Debtors will furnish that party with the requested copies at the Debtors' expense.

> a hearing, the court may allow and disburse to such application such compensation or reimbursement.

11 U.S.C. § 331. Absent an order of the court, section 331 of the Bankruptcy Code limits the payment of fees and expenses to professionals rendering services in a bankruptcy case to a quarterly basis.

12. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As set forth below, this Court regularly enters orders, in accordance with sections 105 and 331 of the Bankruptcy Code, establishing professional compensation procedures providing for interim compensation and expense reimbursement on a monthly basis and quarterly basis. Factors generally considered by the courts in determining whether such relief is warranted include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981). In considered these factors, courts have determined that interim compensation procedures are appropriate to avoid having the professionals fund the debtor's chapter 11 proceedings. *See id.* at 897.

13. Similar procedures for compensating and reimbursing court-approved professionals have been established in other chapter 11 cases in this district. *See, e.g., In re LTAP US, LLLP*, Case No. 10-14125 (KG) (Bankr. D. Del. Jan 28, 2011); *In re ie Corp.*, Case No. 10-11061 (PJW) (Bankr. D. Del. Apr. 22, 2010); *In re Orleans Homebuilders, Inc.*, Case No. 10-10684 (PJW) (Bankr. D. Del. April 6, 2010); *In re Worldspace, Inc., et al.*, Case No. 08-12412 (PJW) (Bankr. D. Del. Nov. 10, 2008); *In re*

*Dan River Holdings, LLC, et al.*, Case No. 08-10726 (BLS) (Bankr. D. Del. May 20, 2008); *In re Buffets Holdings, Inc.*, Case No. 08-10141 (MFW) (Bankr. D. Del. Feb. 12, 2008); and *In re Global Home Prod., LLC*, Case No. 06-10340 (KG) (Bankr. D. Del. May 5, 2006). The proposed Compensation Procedures should enable professionals to be paid partial amounts owed to them while ensuring appropriate oversight, and otherwise not so unduly burden the Court, the United States Trustee, or the Professionals. Accordingly, the Debtors submit that approving the Compensation Procedures is in the best interests of its estate, creditors, and other parties-in-interest.

14. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtor, its estate and creditors, and therefore should be granted.

## NOTICE AND NO PRIOR REQUEST

15. No trustee, examiner or creditors' committee has been appointed in these Cases. Notice of this Motion has been given to: (a) the United States Trustee; (b) the Debtors' pre-petition and post-petition secured lenders; (c) the twenty (20) largest unsecured non-insider creditors of the Debtors on a consolidated basis; and (d) any party requesting notice pursuant to Bankruptcy Rule 2002. Additionally, as the Application is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Application and any order entered respecting the Motion as required by Local Rule 9013-1(m). In light of the relief requested herein, the Debtors submit that no other or further notice need be provided.

16. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court: (i) grant the relief requested in this Motion; and (ii) grant such further relief as is just and proper.

Dated: June 13, 2011
      Wilmington, DE

**ELLIOTT GREENLEAF**

*/s/ Shelley A. Kinsella*
Rafael X. Zahralddin-Aravena (DE No. 4166)
Neil R. Lapinski (DE No. 3645)
Shelley A. Kinsella (DE No. 4023)
Jonathan M. Stemerman (DE Bar No. 4510)
1105 N. Market Street, Ste 1700
Wilmington, DE 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: nrl@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: jxs@elliottgreenleaf.com

*Proposed Counsel to Debtors and Debtors in Possession*