# EXHIBIT A

**Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Pegasus Rural Broadband, LLC, *et al.*,[1] | Case No. 11-11772 (PJW) |
| Debtors. | (Joint Administration Requested) |
| | **Re: Docket No. __** |

## INTERIM ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (the "Debtors") for entry of an order (this "Order") (a) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code by the Debtors' establishment of the Utility Deposit Account; (c) prohibiting the Utility Providers from altering, refusing, or discontinuing services on account of prepetition amounts outstanding and on account of any perceived inadequacy of the Debtors proposed adequate assurance; and (d) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed by the Motion; and upon the Verlin Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estate, its creditors and other parties in interest; and it appearing that failure to grant the relief requested in the Motion immediately will cause immediate and irreparable harm to the Debtors; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S. C. §§ 157

---

[1] The Debtors are Xanadoo Spectrum, LLC, a Delaware limited liability company; Xanadoo Holdings, Inc., a Delaware corporation; Xanadoo, LLC, a Delaware limited liability company; Pegasus Guard Band, LLC, a Delaware limited liability company; and Pegasus Rural Broadband, LLC, a Delaware limited liability company. Xanadoo Holdings, Inc. is the sole member of Xanadoo, LLC, Pegasus Guard Band, LLC, and Pegasus Rural Broadband, LLC. Xanadoo Holdings, Inc. is a wholly owned subsidiary of Xanadoo Spectrum, LLC.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED on an interim basis.

2. Except in accordance with the procedures set forth below, and until the entry of a subsequent order of this Court, to be considered at the Final Hearing, the Utility Providers are prohibited from (a) altering, refusing or discontinuing service to, or discriminating against, the Debtors solely on the basis of the commencement of this case or on account of any unpaid invoice for services provided before the date of commencement of this case, and (b) requiring the payment of a deposit or other security in connection with the Utility Providers' continued provision to the Debtors of utility services, including, but not limited to, the furnishing of gas, heat, electricity, water, telephone service or any other utility of like kind.

3. Nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by sections 362 and 366 of the Bankruptcy Code or other applicable law, and nothing herein or in the Motion shall constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code, nor shall anything herein be deemed a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of an executory contract.

4. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the

Debtors under any approved debtor-in-possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral.

5. Nothing in the Motion or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors right to dispute any claim; or (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

6. ORDERED that a final hearing on the Motion shall be held on _____ ___, 2011, at __:__ _M (Prevailing Eastern Time), in the courtroom of Honorable Peter J. Walsh, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware, 19801, with notice to be provided by the Debtors or their agent.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:_____, 2011
Wilmington, Delaware

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE