# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Pegasus Rural Broadband, LLC, *et al.*,[1] | Case No. 11-11772 (PJW) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Pegasus Rural Broadband, LLC and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), hereby submit their Schedules of Assets and Liabilities and Statements of Financial Affairs (each, a "Schedule" or "Statement," as applicable, and, collectively, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to Bankruptcy Code § 521 and Bankruptcy Rule 1007.

The Schedules and Statements are unaudited. They remain subject to further review and verification. Subsequent information may result in material changes to the Schedules and Statements, and because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are accurate or complete. These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each and every one of the Schedules and Statements, and should be referred to and considered in connection with any review of each Schedule and each Statement.

The Schedules and Statements have been signed by the Executive Vice President of Pegasus Rural Broadband, LLC, Howard E. Verlin and primarily prepared by the Chief Financial Officer of Xanadoo, LLC, Andrew F. Smith. Mr. Smith prepared the Schedules and Statements with the assistance of third parties working at the direction of the Debtors. Mr. Verlin and Mr. Smith do not have personal knowledge of every item identified in the Schedules and Statements and have relied upon the work of such third parties in reviewing and signing the Schedules and Statements. Mr. Verlin, Mr. Smith and those third parties have relied upon the accuracy and

---

[1] The Debtors are Xanadoo Spectrum, LLC, a Delaware limited liability company; Xanadoo Holdings, Inc., a Delaware corporation; Xanadoo, LLC, a Delaware limited liability company; Pegasus Guard Band, LLC, a Delaware limited liability company; and Pegasus Rural Broadband, LLC, a Delaware limited liability company. Xanadoo Holdings, Inc. is the sole member of Xanadoo, LLC, Pegasus Guard Band, LLC, and Pegasus Rural Broadband, LLC. Xanadoo Holdings, Inc. is a wholly owned subsidiary of Xanadoo Spectrum, LLC.

integrity of the Debtors' books and records, and it is possible that further review thereof may require amendment of the Schedules and Statements.

1. **Description of the Cases and "As Of" Information Date**.   On June 10, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Bankruptcy Court for relief under Chapter 11 of the Bankruptcy Code. The cases are being jointly administered under case number 11-1172 (PJW). The Debtors are currently operating their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. Each of the Debtors' fiscal years ends on December 31st of each year.  All asset and liability information, except where otherwise noted, is as of June 10, 2011.

2. **Basis of Presentation**.    For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for all Debtors. The Schedules and Statements are prepared on an unaudited, unconsolidated basis, reflecting the separate assets and liabilities of each of the individual Debtors.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles.

3. **Foreign Currency**.   The Debtors have no foreign currency transactions. All amounts referenced in the Schedules and Statements are reflected in U.S. dollars.

4. **Book Value**.   The Debtors do not have appraisals or valuations dated within one year of the date of the Schedules and Statement for the properties, interests, or entities detailed therein. Accordingly, unless otherwise noted, assets and liabilities of each of the Debtors are reported at the value as set forth on the Debtors' books and records, as of the Debtors' latest assessment ("Book Value"). Thus, unless otherwise noted, the Schedules and Statements reflect Book Value, and may not be based upon any estimate of their current market value. By reporting the Book Value of assets, the Debtors make no representation of the value ultimately realizable on any of their assets.

5. **Estimates**.    To close the books and records of the Debtors as of the Petition Date, the Debtors' management was required to make estimates, allocations, or assumptions that affect the amounts of assets and liabilities as of June 10, 2011, and reported revenue and expenses for the period ending June 10, 2011.  Claims on the Schedules and Statements set forth the Debtors' estimate of most claims of creditors, and the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements. Any failure to designate a claim on the Schedules and Statements as disputed, contingent, or unliquidated does not constitute an admission by the Debtors that such amount is not disputed, contingent, or unliquidated.  The Debtors reserve the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to, among other things, amount, liability, or classification or to otherwise subsequently designate any claim as disputed, contingent, or unliquidated.

6. **Leases**.   The Debtors have not included in the Schedules and Statements any future obligations on any leases. To the extent that there was an amount due as of the Petition Date, the

creditor has been included in Schedule F. Unless otherwise stated, all lease agreements have been included in Schedule G.

7.     **Recoveries and Causes of Action**.   The Schedules and Statements may not include a complete list of causes of action the Debtors possess as of the Petition Date, or at any point thereafter. Regardless of the recoveries and causes of action listed, nothing contained in the Global Notes or the Schedules and Statements shall constitute a waiver of rights with respect to these Chapter 11 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination, or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

8.     **Schedule D**.   Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any of the Debtors.   Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization or structure of any such transaction, or any document or instrument (including, without limitation, any inter-company agreement) related to such creditor's claim. In certain instances, one of the Debtors may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of the another of the Debtors, and no claim set forth on Schedule D of any of the Debtors is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by another entity.   The descriptions provided in Schedule D are intended only to be a summary, do not constitute an admission, and are not dispositive for any purpose. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any lien. Nothing in the Global Notes or the Schedules and Statements shall be deemed to be an admission, modification, or interpretation of or relating to such agreements.

9.     **Schedule E**.   Schedule E includes claims of various taxing authorities to which the Debtors may potentially be liable.   Certain of such claims may be subject to ongoing audits, however, and the Debtors are otherwise unable to determine with certainty the amount of some, if not all, of the claims listed on Schedule E.   The Debtors reserve their right to assert that any claim listed on Schedule E does not constitute an unsecured priority claim under the Bankruptcy Code.

10.     **Schedule F**.   The claims listed on Schedule F were incurred or arose on various dates. A determination of each date upon which each claim listed on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive. Accordingly, dates are not included in the accompanying Schedule F. All claims listed on Schedule F were incurred prior to the Petition Date.   The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on Schedule F as to amount, liability, or classification or to otherwise subsequently designate any claims as disputed, contingent, or unliquidated.   The Debtors also reserve the right to amend or supplement Schedule F as necessary or appropriate.

11.   **Schedule G**.   The business of the Debtors is complex. While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred.   The Debtors have attempted to provide complete lists of all agreements that might be considered to be executory contracts. The Debtors are continuing to review their records and will supplement the Schedules and Statements if additional agreements that may constitute executory contracts are identified.   The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G, or to amend or supplement such Schedule as necessary.   The contracts, agreements, and leases listed on Schedule G may not have taken effect or be binding on any party and may have expired, or been terminated, modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, or other documents, instruments, or agreements which may not be listed therein.

The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute.

Generally, executory agreements that are oral in nature have not been included in Schedule G. The Debtors reserve any and all rights to assume, assign, or reject their executory contracts or unexpired leases and nothing in the Schedules and Statements shall in any way be deemed an admission or election to do so, or waive or limit the Debtors' right to do so.

12.   **Schedule H**.   The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, or other such agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their right to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or to be unenforceable.

13.   **Insurance.**   Xanadoo, LLC maintains general liability insurance policies, and various other insurance policies, on behalf of all the Debtors. A listing of all such insurance policies is set forth on Schedule G of the Schedules of Assets and Liabilities of Xandaoo, LLC. Xanadoo, LLC maintains certain insurance policies essential to the continued operations of the Debtors. The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the Debtors.   The Debtors' insurance policies generally are structured to provide coverage for its affiliates, including the Debtors. Xanadoo, LLC maintains various policies of insurance, including, but not limited to, property, casualty, workers compensation, motor vehicle and general liability policies.

14.   **Claims Paid Pursuant to Court Orders**.   Certain of the Schedules and Statements list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date. The Bankruptcy Court has authorized but not obligated the Debtors to pay various pre-petition claims, including claims of certain vendors and/or employees. Accordingly, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements.

15.     **Litigation**.      The Debtors have made commercially reasonable efforts to record litigation and regulatory actions in the Schedules and Statements of the Debtors that is party to the action. The Debtors have excluded details relating to certain claims for which litigation has not yet been commenced.

16.     **Insiders**.      The Bankruptcy Code (Section 101 (31)) defines "insiders", for purposes of an LLC, in the same way the term is defined for corporations. It includes directors, officers, persons in control, partnerships in which the debtor is a general partner, general partners of the debtor and relatives of any of the above.  Most of the categories do not apply to these Debtors. Insiders also include affiliates.  Payments to "insiders" are listed in question 3C of the statement of financial affairs.  This list is for informational purposes only.  The Debtors take no position at this time as to actual insider status of any of the listed individuals.

17.     **Setoffs**.      The Debtors and their vendors may setoff mutual obligations in the ordinary course of business and pursuant to trade terms agreed upon by the parties. These setoffs are consistent with the ordinary course of business in the Debtors' industry. Therefore, such ordinary course setoffs are excluded from the Debtors' response to Statement Question 13.

# UNITED STATES BANKRUPTCY COURT
## District of Delaware

In re: Pegasus Rural Broadband, LLC                    ,     Case No.          11-11772
              Debtor                                                         (if known)

## STATEMENT OF FINANCIAL AFFAIRS

        This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

        Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

        *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

        *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | PERIOD | SOURCE |
|---|---|---|
| $208,916 | 1/1/2011 to 6/9/2011 | Broadband Revenues |
| $523,862 | FY 2010 | Broadband Revenues |
| $588,677 | FY 2009 | Broadband Revenues |

**2. Income other than from employment or operation of business**

None

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | PERIOD | SOURCE |
|--------|--------|--------|
| $6,000 | FY 2010 | Sale of used unlicensed networking equipment |
| $19,250 | FY 2009 | Sale of used unlicensed networking equipment |

---

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None

X

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNTS PAID | AMOUNT STILL OWING |
|------------------------------|-------------------|--------------|--------------------|

None

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNTS PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|------------------------------|------------------------------|------------------------------------|--------------------|
| LOWER COLORADO RIVER AUTHORITY PO BOX 200870 HOUSTON, TX 772160870 | 4/13/2011 5/11/2011 | $3,125.87 $3,125.87 | $0 |

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None



c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNTS PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None



a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| | | | |

None

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

---

**5. Repossessions, foreclosures and returns**

None



List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

---

**6. Assignments and receiverships**

None

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None



b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

### 7. Gifts

None



List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

### 8. Losses

None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Elliott Greenleaf The I.M. Pei Building 1105 North Market Street, Suite 1700 Wilmington, DE 19801 | 2/18/2011 – 6/10/2011 – Paid by Xanadoo Company (Non Debtor) | $179,000 |

---

**10. Other transfers**

None

X

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP WITH DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None



b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OR TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None

X

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None



List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF SURRENDER OR TRANSFER IF ANY |
|---|---|---|---|

### 13. Setoffs

None

X

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None

X

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None

X

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATE OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None

X

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None



a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None



b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None



c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None



a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. (ITIN) / COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None

X

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|
| Andrew F Smith<br>225 City Avenue, Suite 100<br>Bala Cynwyd, PA 19004 | 11/2000 to current |
| Jason K Levine<br>225 City Avenue, Suite 100<br>Bala Cynwyd, PA 19004 | 11/2009 to current |
| John Yuncza<br>5927 Caymus Loop<br>Windermere, FL 34786 | 5/2006 to 1/2010 |

None

X

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|------|

None

X

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|

None

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATES ISSUED |
|------|------|

| Beach Point Capital Management LP<br>1620 26th Street, Suite 6000<br>Santa Monica, CA 90404 | Financial statements were issued to Beach Point Capital Management LP on a monthly basis for the two years immediately preceding the commencement of this case. |
| --- | --- |

**20. Inventories**

None

[X]

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
| --- | --- | --- |

None

[X]

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |

**21 . Current Partners, Officers, Directors and Shareholders**

None

[X]

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

None

[ ]

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |
| Xanadoo Holdings, Inc. | | Single member holder of LLC interest |
| Marshall W. Pagon | President & CEO | N/A |
| Howard E. Verlin | EVP | N/A |
| Scott A. Blank | General Counsel, Secretary & SVP | N/A |

**22 . Former partners, officers, directors and shareholders**

None

[X]

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

None



b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None

[X]

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OR RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY RO DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None

[ ]

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| Xanadoo Company | 23-3070336 |

---

**25. Pension Funds.**

None

[X]

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____     Signature of Debtor_____

Date _____     Signature of Joint Debtor_____
                                          (if any)

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _July 18, 2011_____     Signature _Howard E Verlin_____

Print Name and
Title     _Howard E Verlin, EVP_____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

____continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer     Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____     _____
Signature of Bankruptcy Petition Preparer     Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

# United States Bankruptcy Court

### District of Delaware

In re Pegasus Rural Broadband, LLC_____     Case No. 11-11772_____
                              Debtor

                                                                Chapter 11_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $          - | | |
| B - Personal Property | Yes | 3 | $    3,648,451.91 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 4 | | $   51,964,574.59 | |
| E- Creditors Holding Unsecured priority Claims (Total of Claims on Schedule E) | Yes | 5 | | Unknown | |
| F- Creditors Holding Unsecured Nonpriority claims | Yes | 4 | | $    5,836,599.84 | |
| G- Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H-Codebtors | Yes | 2 | | | |
| I-Current Income of Individual Debtor (s) | No | | | | |
| J-Current Expenditures of Individual Debtors(s) | No | | | | |
| TOTAL | | 22 | $    3,648,451.91 | $   57,801,174.43 | |

B6A (Official Form 6A) (12/07)

In re  Pegasus Rural Broadband, LLC                    ,          Case No.  11-11772
_____                    _____
                    **Debtor**                                        **(If known)**

# SCHEDULE A - REAL PROPERTY

    Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

    **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

    If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

    If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |

Total▶               0.00

(Report also on Summary of Schedules.)

In re Pegasus Rural Broadband, LLC                    ,          Case No. 11-11772
           **Debtor**                                          **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | xx-xxxx-2959 - Disbursement<br>xx-xxxx-9595 - Lockbox & CC | | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Utility Deposit | | 100.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

In re <u>Pegasus Rural Broadband, LLC</u>                    ,          Case No. <u>11-11772</u>
                    **Debtor**                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | Accounts Receivable | | 2,679.74 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Intercompany Receivables from Codebtors | | 3,495,767.91 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

In re Pegasus Rural Broadband, LLC                    ,          Case No. 11-11772
        Debtor                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | | Subscriber List | | Unknown |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Office Equipment | | 3,193.94 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Networking Equipment | | 146,710.32 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

       0____ continuation sheets attached    Total>-        $ 3,648,451.91

(Include amounts from any continuation
sheets attached. Report total also
on Summary of Schedules.)

In re  Pegasus Rural Broadband, LLC            ,          Case No.  11-11772
                        Debtor                                        *(If known)*

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐  Check if debtor claims a homestead exemption that exceeds
*(Check one box)*                                                       $146,450.*
☐   11 U.S.C. § 522(b)(2)
☐   11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| None | | | |

* *Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re: <u>Pegasus Rural Broadband, LLC</u>          Case No: <u>11-11772</u>
       Debtor                                      (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

    List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** <br> Beach Point Distressed Master Fund, LP <br> c/o Beach Point Capital Management LP <br> 1620 26th Street, Suite 6000 <br> Santa Monica, CA 90404 | X | | Notes <br><br> VALUE $ | | | | $3,648,847.34 | |
| **ACCOUNT NO.** <br> Beach Point Distressed Master Fund, LP <br> c/o Beach Point Capital Management LP <br> 1620 26th Street, Suite 6000 <br> Santa Monica, CA 90404 | X | | Interest <br><br> VALUE $ | | | | 2,261,383.57 | |
| **ACCOUNT NO.** <br> LMA SPC for and on Behalf of the Account of Map 90 Segregated Portfolio <br> c/o Beach Point Capital Management LP <br> 1620 26th Street, Suite 6000 <br> Santa Monica, CA 90404 | X | | Notes <br><br> VALUE $ | | | | 4,876,047.42 | |

____ 3 continuation
   sheets attached

Subtotal ▶
(Total of this page)

Total ▶
(Use only on last page)

| | |
|---|---|
| $10,786,278.33 | $ |
| $ | $ |
| (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6D (Official Form 6D) (12/07) Cont.

In re: **Pegasus Rural Broadband, LLC**          Case No: 11-11772
      Debtor                                 (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** LMA SPC for and on Behalf of the Account of Map 90 Segregated Portfolio c/o Beach Point Capital Management LP 1620 26th Street, Suite 6000 Santa Monica, CA 90404 | X | | Interest <br><br> VALUE $ | | | | 3,038,587.61 | |
| **ACCOUNT NO.** Post Aggressive Credit Master Fund, L.P. c/o Beach Point Capital Management LP 1620 26th Street, Suite 6000 Santa Monica, CA 90404 | X | | Notes <br><br> VALUE $ | | | | 3,095,091.15 | |
| **ACCOUNT NO.** Post Aggressive Credit Master Fund, L.P. c/o Beach Point Capital Management LP 1620 26th Street, Suite 6000 Santa Monica, CA 90404 | X | | Interest <br><br> VALUE $ | | | | 1,943,201.13 | |
| **ACCOUNT NO.** Post Strategic Master Fund, L.P. c/o Beach Point Capital Management LP 1620 26th Street, Suite 6000 Santa Monica, CA 90404 | X | | Notes <br><br> VALUE $ | | | | 4,401,788.19 | |
| **ACCOUNT NO.** Post Strategic Master Fund, L.P. c/o Beach Point Capital Management LP 1620 26th Street, Suite 6000 Santa Monica, CA 90404 | X | | Interest <br><br> VALUE $ | | | | 2,711,347.79 | |

Sheet no. 1 of 3 continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s) ►
(Total(s) of this page)

Total(s) ►
(Use only on last page)

| | |
|---|---|
| $15,190,015.86 | $ |
| $ | $ |
| (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6D (Official Form 6D) (12/07) – Cont.

In re: <u>Pegasus Rural Broadband, LLC</u>       Case No: <u>11-11772</u>
      Debtor                                               (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**<br>Post Total Return Master Fund, L.P.<br>c/o Beach Point Capital Management LP<br>1620 26th Street, Suite 6000<br>Santa Monica, CA 90404 | X | | Notes<br><br>VALUE $ | | | | 7,238,955.08 | |
| **ACCOUNT NO.**<br>Post Total Return Master Fund, L.P.<br>c/o Beach Point Capital Management LP<br>1620 26th Street, Suite 6000<br>Santa Monica, CA 90404 | X | | Interest<br><br>VALUE $ | | | | 4,492,615.50 | |
| **ACCOUNT NO.**<br>Royal Mail Pensions Trustee Limit c/o<br>Beach Point Capital Management LP<br>1620 26th Street, Suite 6000<br>Santa Monica, CA 90404 | X | | Notes<br><br>VALUE $ | | | | 2,600,000.00 | |
| **ACCOUNT NO.**<br>Royal Mail Pensions Trustee Limit c/o<br>Beach Point Capital Management LP<br>1620 26th Street, Suite 6000<br>Santa Monica, CA 90404 | X | | Interest<br><br>VALUE $ | | | | 1,580,125.26 | |
| **ACCOUNT NO.**<br>The Opportunity Fund, LLC c/o Beach<br>Point Capital Management LP<br>1620 26th Street, Suite 6000<br>Santa Monica, CA 90404 | X | | Notes<br><br>VALUE $ | | | | 3,095,091.15 | |

Sheet no. <u>2</u> of <u>3</u> continuation
sheets attached to Schedule of Creditors
Holding Secured
Claims

Subtotal (s) ►
(Total(s) of this page)

Total(s) ►
(Use only on last page)

| | |
|---|---|
| $19,006,786.99 | $ |
| $ | $ |

(Report also on
Summary of Schedules.)

(If applicable, report
also on Statistical
Summary of Certain
Liabilities and
Related Data.)

In re: **Pegasus Rural Broadband, LLC**     Case No: **11-11772**
        Debtor                                              (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** The Opportunity Fund, LLC c/o Beach Point Capital Management LP 1620 26th Street, Suite 6000 Santa Monica, CA 90404 | X | | Interest VALUE $ | | | | 1,943,201.13 | |
| **ACCOUNT NO.** Virginia Retirement System c/o Beach Point Capital Management LP 1620 26th Street, Suite 6000 Santa Monica, CA 90404 | X | | Notes VALUE $ | | | | 3,095,091.15 | |
| **ACCOUNT NO.** Virginia Retirement System c/o Beach Point Capital Management LP 1620 26th Street, Suite 6000 Santa Monica, CA 90404 | X | | Interest VALUE $ | | | | 1,943,201.13 | |
| **ACCOUNT NO.** | | | VALUE $ | | | | | |
| **ACCOUNT NO.** | | | VALUE $ | | | | | |

Sheet no. 3 of 3 continuation
sheets attached to Schedule of Creditors
Holding Secured
Claims

Subtotal (s) ▶
(Total(s) of this page)

| $6,981,493.41 | $ |

Total(s) ▶
(Use only on last page)

| $51,964,574.59 | $ |

(Report also on Summary of Schedules.)     (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

In re  Pegasus Rural Broadband, LLC           ,                    Case No.  11-11772
                    Debtor                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided.  Only holders of unsecured claims entitled to priority should be listed in this schedule.  In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.  Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors.  If a joint petition  is filed, state whether the  husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet.  Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.  Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet.  Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.  Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*  *Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**In re** Pegasus Rural Broadband, LLC     ,    **Case No.** 11-11772
               Debtor                                    *(if known)*

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

                                                3    continuation sheets attached

In re  Pegasus Rural Broadband, LLC                    ,     Case No.  11-11772
                    **Debtor**                                              **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

Taxes and Certain Other Debts Owed to Governmental Units

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> Brown Cnty Appraisal Dist <br> 403 Fisk <br> Brownwood, TX 76801 | | | | | X | | Unknown | Unknown | Unknown |
| Account No. <br><br> Burnet Central App'l Dist <br> PO Box 908 <br> Burnet, TX 78611 | | | | | X | | Unknown | Unknown | Unknown |
| Account No. <br><br> Callahan Cnty Tax Office <br> 100 W 4th St, Ste 101 <br> Baird, TX 79504 | | | | | X | | Unknown | Unknown | Unknown |
| Account No. <br><br> Coleman County Tax Appraisal District <br> PO Box 914 <br> Coleman, TX 76834 | | | | | X | | Unknown | Unknown | Unknown |

Sheet no. 1 of 3 continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals▶ (Totals of this page) | $ | $ | |

Total▶ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |

Totals▶ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | $ |

In re  Pegasus Rural Broadband, LLC                    ,        Case No.  11-11772
_____                 _____
                **Debtor**                                                    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

Taxes and Certain Other Debts Owed to Governmental Units

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> Lampasas County Appraisal District <br> PO Box 175 <br> Lampasas, TX 76550 | | | | | X | | Unknown | Unknown | Unknown |
| Account No. <br><br> Llano County Tax Office <br> PO Box 307 <br> Llano, TX 78643 | | | | | X | | Unknown | Unknown | Unknown |
| Account No. <br><br> Shackelford County Appraisal District <br> 232 S Main <br> Albany, TX 76430-2247 | | | | | X | | Unknown | Unknown | Unknown |
| Account No. <br><br> State Comptroller, TX <br> 111 E 17th St <br> Austin, TX 78774-0100 | | | | | X | | Unknown | Unknown | Unknown |

Sheet no. 2 of 3 continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals► (Totals of this page)    $      $

Total► (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)    $

Totals► (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)    $      $

In re Pegasus Rural Broadband, LLC ,     Case No. 11-11772

**Debtor**     **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

Taxes and Certain Other Debts Owed to Governmental Units

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. |  |  |  |  |  |  |  |  |  |
| Stephens County Tax Office 200 W Walker Breckenridge, TX 76424 |  |  |  |  | X |  | Unknown | Unknown | Unknown |
| Account No. |  |  |  |  |  |  |  |  |  |
| Young Cad, Chief Appraiser PO Box 337 Graham, TX 76450 |  |  |  |  | X |  | Unknown | Unknown | Unknown |
| Account No. |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
| Account No. |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |

Sheet no. 3  of  3 continuation  sheets attached to Schedule
of Creditors Holding Priority Claims

Subtotals► (Totals of this page)  |  $  |  $  |

Total► (Use only on last page of the completed Schedule E.  Report also on the Summary of Schedules.)  |  $  |

Totals► (Use only on last page of the completed Schedule E.  If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)  |  $  |  $  |

B 6F (Official Form 6F) (12/07)

In re  Pegasus Rural Broadband, LLC                    ,     Case No.  11-11772
                **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| Bishop, James 1112 Post Street Coleman, TX 76834 | | | | | | X | 66.67 |
| ACCOUNT NO. | | | | | | | |
| Brookesmith Spcl Utility Dist PO Box 27 Brownwood, TX 76804 | | | | | | X | 160.00 |
| ACCOUNT NO. | | | | | | | |
| Central Texas Tele Coop Inc 1012 Reilly St, PO Box 627 Goldthwaite, TX 76844 | | | | | | X | 57.97 |
| ACCOUNT NO. | | | | | | | |
| Commanche Electric Coop PO Box 729. 201 W Wright Comanche, TX 76442-0729 | | | | | | | 25.00 |
| | | | | | Subtotal▶ | $ | 309.64 |

_3_  continuation sheets attached

Total▶ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re   Pegasus Rural Broadband, LLC                ,          Case No.   11-11772
                        **Debtor**                                                          **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Ford, Scotty <br> 22900 CR 478 <br> May, TX 76857 | | | | | | X | 33.33 |
| ACCOUNT NO. <br><br> Global Tower (c/o SunTrust) <br> PO Box 116448 <br> Atlanta, GA 30368-6448 | | | | | | X | 802.20 |
| ACCOUNT NO. <br><br> Hare, Kenneth D <br> 3448 Concho Trail <br> Kingsland, TX 78639 | | | | | | X | 33.33 |
| ACCOUNT NO. <br><br> Living Word Church <br> PO Box 1549 <br> Brownwood, TX 76804 | | | | | | X | 133.33 |
| ACCOUNT NO. <br><br> Lower CO River Authority <br> PO Box 200870 <br> Houston, TX 77216-0870 | | | | | | X | 1,119.24 |

Sheet no. __1__ of __3__  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $ 2,121.43

Total► $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re __Pegasus Rural Broadband, LLC_____ ,     Case No. __11-11772_____
          **Debtor**                                                    **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| North Lake Brownwood VFD 3340 Windjammer Dr May, TX 76857 | | | | | | X | 50.00 |
| ACCOUNT NO. | | | | | | | |
| Parker, Ralph C PO Box 2247 Wichita Falls, TX 76307 | | | | | | X | 122.99 |
| ACCOUNT NO. | | | | | | | |
| Pedernales Elec Co-op Inc PO Box 1 Johnson City, TX 78636 | | | | | | | 29.94 |
| ACCOUNT NO. | | | | | | | |
| SBA Infrastructure LLC PO Box 933994 Atlanta, GA 31193-3994 | | | | | | X | 119.40 |
| ACCOUNT NO. | | | | | | | |
| Simpson, Edward 12150 CR 367 Owens, TX 76857 | | | | | | X | 20.00 |

Sheet no. __2__ of __3__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $ 342.33

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  Pegasus Rural Broadband, LLC               ,          Case No.  11-11772
               **Debtor**                                                    **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Tessco Incorporated <br> PO Box 102885 <br> Atlanta, GA 30368-2885 | | | | | | | 584.36 |
| ACCOUNT NO. <br><br> Trio Communications <br> PO Box 76 <br> Montague, TX 76251 | | | | | | X | 43.33 |
| ACCOUNT NO. <br><br> Xanadoo Company <br> 225 City Line Ave <br> Bala Cynwyd, PA 19004 | X | | | | | | 5,833,198.75 |
| ACCOUNT NO. <br><br><br> | | | | | | | |
| ACCOUNT NO. <br><br><br> | | | | | | | |

Sheet no. 3 of 3 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ | $ 5,833,826.44

Total▶ | $ 5,836,599.84
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re Pegasus Rural Broadband, LLC                       Case No 11-11772

**Debtor**                                                      **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Authorize.net P.O. Box 8999 San Francisco, CA 94128-8999 | Credit Card Validation Service Agreement |
| Brookesmith Special Utility District P.O. Box 27 Brownwood, TX 76804 | Tower Lease Agreement- City of Bangs Water Storage Tank |
| Bruce E. Stewart 7201 Tanglebriar Brownwood, TX 76801 | Non-residential real property lease for warehouse facility in Early, TX |
| Central Texas Telephone Cooperative, Inc. 1012 Reilly Street P.O. Box 627 Goldthwaite, TX 76844 | Tower Lease Agreement- 102 N. Greenleaf, Brownwood, TX |
| Edward Simpson 12150 CR 367 May, TX 76857 | Tower Lease Agreement- 12150 CR 367 |
| Global Tower, LLC 750 Park of Commerce Blvd., Suite 300 Boca Raton, FL 33487-3612 | Tower Lease Agreement-1611 Avenue J |
| Global Tower, LLC 750 Park of Commerce Blvd., Suite 300 Boca Raton, FL 33487-3612 | Tower Lease Agreement- 206 Indiana Avenue |
| Global Tower, LLC 750 Park of Commerce Blvd., Suite 300 Boca Raton, FL 33487-3612 | Tower Lease Agreement-Union Hill- I – 20 Clyde, TX |
| Global Tower, LLC 750 Park of Commerce Blvd., Suite 300 Boca Raton, FL 33487-3612 | Tower Lease Agreement-Albany 1 Mile Hill |
| Global Tower, LLC 750 Park of Commerce Blvd., Suite 300 Boca Raton, FL 33487-3612 | Tower Lease Agreement-Bertram- 2329 E. State Hwy 29 |
| Global Tower, LLC 750 Park of Commerce Blvd., Suite 300 Boca Raton, FL 33487-3612 | Tower Lease Agreement-Burnet 2838 E. State Hwy 29 |
| Global Tower, LLC 750 Park of Commerce Blvd., Suite 300 Boca Raton, FL 33487-3612 | Tower Lease Agreement-Kingsland- 4040 Ranch Rd 2900 |
| Global Tower, LLC | Tower Lease Agreement-Marble Falls- 60 S. Marble Falls |

In re  Pegasus Rural Broadband, LLC                         Case No  11-11772
                    **Debtor**                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| | |
|---|---|
| 750 Park of Commerce Blvd., Suite 300<br>Boca Raton, FL 33487-3612 | |
| Global Tower, LLC<br>750 Park of Commerce Blvd., Suite 300<br>Boca Raton, FL 33487-3612 | Tower Lease Agreements-5449 N. U.S. Hwy 281 |
| Global Tower, LLC<br>750 Park of Commerce Blvd., Suite 300<br>Boca Raton, FL 33487-3612 | Tower Lease Agreements- Lampasas South- 2120 CR 4034 |
| James Bishop<br>1112 Post Street<br>Coleman, TX 76834 | Tower Lease Agreement- 1112 Post Street, Coleman, TX |
| Living Word Church of Brownwood, Inc.<br>901 C.C. Woodson Road<br>Brownwood, TX 76804 | Tower Lease Agreement- 901 C.C. Woodson Road |
| North Lake Brownwood Volunteer Fire Dept.<br>456 Wind Jammer Drive<br>May, TX 76857 | Tower Lease Agreement- 456 Wind Jammer Drive |
| Ralph C. Parker, Jr.<br>1122 Lamar Street<br>Wichita Falls, TX 76301 | Tower Lease Agreement-Graham, Texas |
| SBA Infrastructure, LLC<br>5900 Broken Sound Parkway NW<br>Boca Raton, FL 33487-2797 | Tower Lease Agreement- Buchanan Dam 10515 W. Texas 29 |
| Scotty Ford<br>22900 CR 478<br>May, TX 76857 | Tower Lease Agreement- 22900 CR 478 |
| State National Bank<br>1049 N. 3rd Street<br>Abilene, TX 79601 | Tower Lease Agreement- 1049 N 3rd Street |
| Trio Communications<br>P.O. Box 76<br>Attn: John Self<br>Montague, TX 76251 | Tower Lease Agreement- Center Ridge Road, E of Graham |

B 6H (Official Form 6H) (12/07)

In re ___Pegasus Rural Broadband, LLC___ , **Case No.** ___11-11772___
     **Debtor**                                 **(if known)**

# SCHEDULE H – CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Check this box if debtor has no codebtors. ☐

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Xanadoo Holdings Inc.<br>225 City Avenue, Suite 100<br>Bala Cynwyd, 19004 | Post Strategic Master Fund, L.P.;<br>Post Total Return Master Fund, L.P.;<br>Post Aggressive Credit Master Fund, L.P.;<br>Virginia Retirement System;<br>The Opportunity Fund LLC;<br>Royal Mail Pensions Trustees Limited.<br>LMA Spc for and on Behalf of the Account of Map 90 Segregated Portfolio (Map 90);<br>and Beach Point Distressed Master Fund, LP.<br><br>All addresses:<br>c/o Beach Point Capital Management LP<br>1620 26th Street, Suite 6000<br>Santa Monica, CA 90404<br><br>Xanadoo Company<br>225 City Avenue,<br>Bala Cynwyd, PA 19004 |
| Xanadoo Spectrum, LLC<br>225 City Avenue, Suite 100<br>Bala Cynwyd, 19004 | Post Strategic Master Fund, L.P.;<br>Post Total Return Master Fund, L.P.;<br>Post Aggressive Credit Master Fund, L.P.;<br>Virginia Retirement System;<br>The Opportunity Fund LLC;<br>Royal Mail Pensions Trustees Limited.<br>LMA Spc for and on Behalf of the Account of Map 90 Segregated Portfolio (Map 90);<br>and Beach Point Distressed Master Fund, LP.<br><br>All addresses:<br>c/o Beach Point Capital Management LP<br>1620 26th Street, Suite 6000<br>Santa Monica, CA 90404 |
| Xanadoo, LLC<br>225 City Avenue, Suite 100<br>Bala Cynwyd, 19004 | Post Strategic Master Fund, L.P.;<br>Post Total Return Master Fund, L.P.;<br>Post Aggressive Credit Master Fund, L.P.;<br>Virginia Retirement System;<br>The Opportunity Fund LLC;<br>Royal Mail Pensions Trustees Limited.<br>LMA Spc for and on Behalf of the Account of Map 90 Segregated Portfolio (Map 90);<br>and Beach Point Distressed Master Fund, LP.<br><br>All addresses: |

| | |
|---|---|
| | c/o Beach Point Capital Management LP<br>1620 26th Street, Suite 6000<br>Santa Monica, CA 90404<br><br>Xanadoo Company<br>225 City Avenue,<br>Bala Cynwyd, PA 19004 |
| Pegasus Guard Band, LLC<br>225 City Avenue, Suite 100<br>Bala Cynwyd, 19004 | Post Strategic Master Fund, L.P.;<br>Post Total Return Master Fund, L.P.;<br>Post Aggressive Credit Master Fund, L.P.;<br>Virginia Retirement System;<br>The Opportunity Fund LLC;<br>Royal Mail Pensions Trustees Limited.<br>LMA Spc for and on Behalf of the Account of Map 90 Segregated Portfolio (Map 90);<br>and Beach Point Distressed Master Fund, LP.<br><br>All addresses:<br>c/o Beach Point Capital Management LP<br>1620 26th Street, Suite 6000<br>Santa Monica, CA 90404<br><br>Xanadoo Company<br>225 City Avenue,<br>Bala Cynwyd, PA 19004 |

In re __Pegasus Rural Broadband, LLC_____ ,    Case No. __11-11772_____
         Debtor                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Executive Vice President of the Pegasus Rural Broadband, LLC named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____July 18, 2011_____

Signature: _____Howard E. Verlin_____

                Howard E. Verlin

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

-----------------------------------------------------------------------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.